R. L. SUMMERVILLE v. THE STATE.

No. 3965. Decided March 1, 1916.

**Malicious Mischief—Sufficiency of the Evidence.**

Where defendant was indicted in one count for wilfully and maliciously killing a horse, etc., with the intent to injure the owner, and in another count for unlawfully and wantonly killing a horse, under which latter count he was convicted upon sufficient evidence under a proper charge of the court, there was no reversible error.

Appeal from the County Court of Lampasas. Tried below before the Hon. J. Tom Higgins.

Appeal from a conviction of unlawfully and wantonly killing a horse; penalty, a fine of $25.

The opinion states the case.

*Word & Walker,* for appellant.—On question of the insufficiency of the evidence: Farner v. State, 2 S. W. Rep., 767; Davis v. State, 12 Texas Crim. App., 11; Thomas v. State, 14 id., 200; Lane v. State, 16 id., 172; Huffman v. State, 53 Texas Crim. Rep., 489, 110 S. W. Rep., 749.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted in two counts, one for wilfully and maliciously killing a horse, the property of Mr. Lockhart, with the intention to injure the owner. The other was for unlawfully and wantonly killing a horse. He was convicted under the latter count and fined $25.

The sole question in the case is whether the evidence is sufficient to sustain the verdict. It was unquestionably shown that appellant shot and killed the said horse, which was a stallion. He claimed that he

did so to protect his own horse from an attack of the horse which he killed. The evidence, while conflicting, we think, was sufficient to sustain the verdict. We can see no necessity or good in detailing the testimony. The court, upon the whole, gave a correct charge requiring the jury to believe every fact essential before they were authorized to convict him. On the other hand, he told the jury expressly that, if appellant killed the horse to protect either himself or his property, to acquit him. We have carefully read the record and the statement of facts; also appellant's extensive brief and argument. We would not be authorized under the law to set the verdict aside on the ground it was insufficient to sustain the conviction.

The judgment will, therefore, be affirmed.

*Affirmed.*